**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MITIKIRO MATAPO TEAVA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-05208-ACCV

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On September 9, 2026, Mitikiro Matapo Teava ("Petitioner") filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. 1 at 14–19.) For the reasons stated below, the Court denies the Petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of New Zealand who first entered the United States in 1995 on a non-immigrant F-1 student visa. (Dkt. 1-3 at 108.) Petitioner alleges he has lived continuously in the United States, for approximately thirty years, since his entry in 1995. (*Id.*) Petitioner has three U.S. born children and is married to a U.S. citizen. (*Id.*) According to Petitioner he has community and family ties in the United States. (Dkt. 1-8 at 75–77.)

On November 13, 2002, Petitioner was convicted of inflicting corporal injury on a spouse/cohabitant. (Dkt. 1-3 at 5.) Petitioner has been arrested for assault with intent

to commit a sex crime and lewd or lascivious acts with a child under fourteen. (*Id.* at 11–17.)

On March 14, 2026, Petitioner was arrested pursuant to a targeted immigration enforcement operation at the West Valley Detention Center in Rancho Cucamonga, California, and taken into immigration custody. (Dkt. 1-3 at 4.)

On June 29, 2026, Petitioner filed Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and the Suspension Clause. *Teava v. Markwayne Mullin, et al.*, 2026 WL 2808677, at *1 (C.D. Cal. Aug. 19, 2026). In that petition, Petitioner argued his detention without a hearing was unlawfully prolonged in violation of 8 U.S.C. § 1226(a), and was in violation of the Fifth Amendment's procedural due process protections. (*Id.*) On August 19, 2026, the Court granted the petition, in part, and ordered that Respondents were to provide Petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral decisionmaker, *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (bond hearing is appropriate remedy), consistent with applicable due process requirements, within seven days or otherwise release Petitioner from custody under the same conditions that existed before Petitioner's detention; Petitioner's other claims were dismissed as moot. (*Id.* at *3.)

On August 25, 2026, Petitioner had a bond hearing. (Dkt. 1-2 at 1.) The IJ found Petitioner was a danger to the community and reasoned, in part:

> Respondent has a recent and serious criminal history. The Court notes that Respondent has a conviction from November 13, 2002 to which he entered a plea of guilty. While this case was recently vacated under 1473.7(a)(1) - the Respondent's history related to that case is instructive. Respondent initially received a probationary sentence in that matter. On December 12, 2002 Probation was reinstated. On October 27, 2003, Respondent violated the terms of his probationary supervision and his sentence was modified. On March 12, 2004, Respondent violated the terms of his probationary supervision and his sentence was again modified. On April 13, 2004 Respondent violated the terms of his probationary supervision and his sentence was again modified. On June 29, 2012,

> Respondent was again arrested for felony inflicting corporal injury on a spouse/cohabitant and use/under the influence of a controlled substance. This charge was later dismissed under CAL Penal Code 851.93. On March 11, 2026, Respondent was charged with assault w/ intent to commit a sex crime and lewd or lascivious acts with a child under 14. That charge appears to be pending . . . . Respondent's "repeated disregard for the laws of this country" is indicative of future dangerousness.

(*Id.* at 1-2.) Petitioner did not file an appeal with the Board of Immigration Appeals ("BIA").[1]

On September 9, 2026, Petitioner filed the Petition in this case alleging: (1) Respondents Have Not Satisfied the Condition of the Habeas Order, and Its Release Provision Has Been Triggered; (2) Procedural Due Process (Fifth Amendment): Denial of Notice and a Meaningful Opportunity to Be Heard; (3) Procedural Due Process (Fifth Amendment): Unconstitutional Allocation of the Burden of Proof and Absence of a Constitutionally Adequate Standard; (4) Procedural and Substantive Due Process (Fifth Amendment): The Dangerousness Determination Rests on Constitutionally Inadequate Grounds and Material Factual Error; and (5) Violation of 8 U.S.C. § 1226(a) and its Implementing Regulations. (Dkt. 1 at 14–19.)

On September 11, 2026, Respondents filed Respondents' Answer to Petition for Writ of Habeas Corpus and argued: (1) Petitioner Has Failed to Exhaust Administrative Remedies; and (2) Petitioner Does Not Identify Any Due Process Violation. (Dkt. 11 at 2–4.)

Petitioner did not file a Reply.

## III. DISCUSSION

Petitioner challenges the sufficiency of the IJ's order. Petitioner, however, did not appeal the IJ's order to the Board of Immigration Appeals, even though he reserved

---

[1] According to EOIR, Petitioner has not filed an appeal. *See* EOIR Automated Case Information for MITIKIRO MATAPO, TEAVA, A-Number: 072-339-561, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 27, 2026).

his right to do so. To be clear, exhaustion in immigration habeas cases is prudential—not jurisdictional. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Federal courts excuse exhaustion only where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). In Petitioner's prior habeas matter, this Court ordered that Petitioner receive an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral decisionmaker consistent with applicable due process requirements. An IJ then held an in-custody redetermination hearing, weighed evidence, and issued a lengthy opinion finding Petitioner is a danger to the community. (Dkt. 1-2 at 1.) Thus, Petitioner has not demonstrated grounds for excusing the exhaustion requirement.

When an immigration detainee loses a bond hearing, the next step is to appeal to the BIA. *See* 8 C.F.R. §§ 1003.1(b), 1003.19(f), 1003.38. The BIA reviews de novo all "questions of law, discretion, and judgment" from the decisions of immigration judges. 8 C.F.R. § 1003.1(d)(3)(ii). The BIA also reviews for clear error any findings of fact. Id. § 1003.1(d)(3)(i); *see Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). The Ninth Circuit has held that the detainee must first "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

In *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), the Ninth Circuit discussed the three-step analysis for requiring prudential exhaustion: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Chertoff*, 488 F.3d at 815 citing *Noriega–Lopez*, 335 F.3d at 881 (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir.1990)).

Here, the BIA has subject-matter expertise in reviewing bond determinations, *see* 8 C.F.R. § 1003.1(b)(7)—expertise particularly valuable here given Petitioner's challenge to the sufficiency of the IJ's order. BIA review would help further generate the underlying facts. In addition, the BIA would have to issue an order evaluating whether the IJ's written decision was sufficient. There would then be a proper record for a proper decision.

Second, if Petitioner could bypass the BIA while arguing that the IJ's decision is insufficient, then every noncitizen denied bond who alleges an immigration judge's decision is insufficient has a shortcut to federal court. This "improper shortcut" is exactly what the Ninth Circuit prohibits. *Leonardo*, 646 F.3d at 1160. An immigration judge's order is not the agency's final word. It is the first step in a process designed to produce a reasoned decision at the administrative appellate level. Only then would the administrative record be complete. And only then would a federal court have the considered agency decision that federal courts can review—especially considering that it is limited even more by jurisdictional limits in 8 U.S.C. § 1226(e). *See generally Martinez II*, 124 F.4th at 785-86.

Third, the BIA can correct the very deficiency Petitioner identifies. *See*, *e.g.*, *Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7. 2019) ("[T]he BIA is capable of . . . determining whether the government has carried its burden of demonstrating by clear and convincing evidence that [petitioner] is a current danger [or flight risk] and must be detained.") (citing *Morgan*, 495 F.3d at 1090 n.2). If the order reflects an abuse of discretion, then the BIA has authority to remand for a new hearing with instructions to issue a reasoned decision, rendering federal-court intervention unnecessary. In the alternative, the BIA may conclude that the immigration judge's memorandum adequately explains the decision, closing the administrative circuit with a final agency action that a federal court can review provided it has jurisdiction under § 1226(e).

Accordingly, the Court finds that exhaustion of administrative remedies is required in this case, and that Petitioner has failed to establish any valid exception to the exhaustion requirement.

## IV. CONCLUSION

For the reasons stated, the Court denies the Petition and judgment shall be entered without requiring any further proceedings and consistent with the reasons and findings set forth.

DATED: October 27, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge